BOWMAN, Appellant,

v.

BUTLER TOWNSHIP BOARD OF TRUSTEES, Appellee.

[Cite as *Bowman v. Butler Twp. Bd. of Trustees*, 185 Ohio App.3d 180, 2009-Ohio-6128.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23240.

Decided Nov. 20, 2009.

**182**

H. Steven Hobbs, for appellant.

Lynnette Ballato Dinkler and Brian M. Wakefield, for appellee.

FROELICH, Judge.

{¶ 1} Ralph Bowman appeals from a judgment of the Montgomery County Court of Common Pleas, which affirmed a decision of the Butler Township Board of Trustees to terminate Bowman's employment due to malfeasance.

{¶ 2} Butler Township firefighters were permitted to use township computers and other media for personal use during their down time at the firehouse. The township did not provide any guidance as to what types of computer usage were acceptable or appropriate, except for a Code of Ethics, which instructed township employees that they were "bound by the highest standards of morality" and should conduct themselves so as to not bring discredit upon the township. In the absence of additional guidance, the township could not discipline Bowman for accessing legal, nonpornographic videos on the computer, and the trial court abused its discretion in affirming the trustees' decision to terminate Bowman. The matter will be remanded to the trial court for it to vacate the trustees' decision. A procedural error in the trustees' vote on the disciplinary action and the trustees' actions to correct that error were not prejudicial to Bowman.

I

{¶ 3} Bowman worked for Butler Township as a part-time firefighter and emergency medical technician. In 2007, routine maintenance of the township computer system revealed that members of the fire department had been accessing and downloading violent and pornographic files from the Internet on work time using township computers. The township initiated an investigation of Bowman and several other firefighters, which was conducted by the fire chief and the police chief. The computer records indicated that Bowman had watched several videos while at work. The parties do not dispute the content of the videos in question: seven of the videos were violent, military videos, and one contained sexually explicit language but was not pornographic. Bowman admitted watching only one of the videos, entitled "Felony Fights," which he claimed had some training value; he denied accessing the other videos and explained that he had shared his computer password with other firefighters. The investigators

concluded that Bowman had accessed all of the videos and had engaged in "improper conduct" by doing so.

{¶ 4} Based on the township's investigation, the Township Administrator recommended that Bowman and other firefighters be fired. The Trustees conducted a hearing. Based on the narrow time frame in which many of the videos were watched, their sequence, and Bowman's admission that he had watched "Felony Fights," while denying that he had accessed or watched other videos, the trustees concluded that Bowman's account was not credible. The trustees accepted the recommendation of the township administrator and voted, in executive session, to terminate Bowman. They then announced this decision in open session.

{¶ 5} On January 24, 2008, Bowman filed a notice of appeal in the Montgomery County Court of Common Pleas. On March 3, 2008, in response to the filing of the notice of appeal, the trustees filed conclusions of fact in the trial court.

{¶ 6} Several firefighters appealed from the trustees' votes on disciplinary action. While Bowman's appeal was pending, the trial court judge handling one of the other appeals concluded that the trustees' vote should have been taken in open session, rather than in executive session. He remanded for the trustees to properly adopt their decision. In light of this judgment, on November 10, 2008, the trustees repeated their votes in open session with respect to all of the firefighters who had been disciplined for improper computer usage, including Bowman. The trustees then filed the minutes of the meeting at which they had voted in open session in Bowman's pending case.

{¶ 7} The trial court did not consider any additional evidence. On January 6, 2009, the trial court affirmed the township's decision to terminate Bowman.

{¶ 8} Bowman raises two assignments of error on appeal.

## II

{¶ 9} Bowman's first assignment of error states:

{¶ 10} "The trial court erred in affirming the decision of the Board of Township Trustees terminating appellant in the absence of evidence the appellant was guilty in the performance of his official duty of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness."

{¶ 11} Bowman contends that the trustees' factual findings were erroneous and that employees were not provided with adequate notice of what kinds of conduct—and particularly what types of computer use—would be grounds for disciplinary action.

{¶ 12} R.C. 505.38 provides for the removal of firefighters in accordance with R.C. 733.35. R.C. 733.35 provides that an officer may be removed if he "has been guilty, in the performance of his official duty, of bribery, misfeasance, malfeasance, nonfeasance, misconduct in office, gross neglect of duty, gross immorality, or habitual drunkenness." The trustees found that Bowman was guilty of malfeasance in accessing and viewing "inappropriate materials" at the firehouse, and the trial court affirmed this decision.

{¶ 13} When considering an administrative appeal, a court of common pleas must weigh the evidence in the record to ascertain whether there exists a preponderance of reliable, probative, and substantial evidence to support the administrative agency's decision. R.C. 2506.04; *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 389 N.E.2d 1113; *State ex rel. Pilarczyk v. Riverside,* Montgomery App. No. 20706, 2005-Ohio-3755, at ¶ 10, 2005 WL 1714206. Consistent with its findings, the court may affirm, reverse, vacate, or modify the decision or remand the matter to the body appealed from with instructions to enter a decision consistent with the findings or opinion of the court. R.C. 2506.04. The common pleas court "considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433.

{¶ 14} The standard of review to be applied by an appellate court in an R.C. 2506.04 appeal is "more limited in scope." Id., citing *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. Under R.C. 2506.04, the court of appeals does not have the same extensive power to weigh the evidence as is granted to the common pleas court. While "[i]t is incumbent on the trial court to examine the evidence[,] [s]uch is not the charge of the appellate court." Id. at 147, 735 N.E.2d 433. An appellate court reviews the judgment of the common pleas court only on questions of law. *Kisil,* 12 Ohio St.3d at 34, 12 OBR 26, 465 N.E.2d 848, fn. 4. The appellate court's inquiry is limited to a determination of whether, as a matter of law, the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence. Id. at 34, 12 OBR 26, 465 N.E.2d 848. In other words, in reviewing questions of law, the appellate court considers whether the trial court abused its discretion. Id.

{¶ 15} Because an appellate court does not review questions of fact in an administrative appeal, we accept the trial court's summary of the trustees' factual findings as true:

{¶ 16} "Computer data records show that Appellant's username and password for the Butler Township computer system [were] used to access the following video files: 'Lions Eat Man' (10/1/07 at 6:46 p.m.), 'Hamas Militant Shot Killed' (10/1/07 at 6:47 p.m.), 'Felony Fights' (10/1/07 at 7:05 p.m.), 'Helicopter Crewman Execution' (10/1/07 at 7:09 p.m.), 'Sniper Shots' (10/1/07 at 7:12 p.m.), 'Guerillas Killed' (10/1/07 at 7:13 p.m.), 'Terrorists Guerilla Killed' (10/1/07 at 7:13 p.m.), and 'Best Girlfriend Ever' (10/19/07 at 8:46 p.m.).

{¶ 17} "Appellant admitted to accessing 'Felony Fights' on October 1st, but none of the others. Appellant, however, could offer no credible reason to explain why he was logged on to the computer when those video files were accessed. At first, Appellant testified that he observed [another firefighter] Jason Holfinger watching the military-themed videos. When it was determined later in the hearing that Jason Holfinger was not working on October 1st, Appellant testified that he did not know if the military-themed videos he was accused of accessing were the exact same ones he observed Jason Holfinger watching and suggested that the times shown on the computer data were altered. Appellant testified that he gave his username and password to several individuals who worked at Station 89 and proposed that they could have accessed the videos. However, the computer data records show that Appellant's username was used to access the allegedly inappropriate files from the computer located at Station 88. Appellant testified that it was possible he did not log out correctly. This does not explain how the videos were accessed under his surname *before* Appellant viewed 'Felony Fights.' The Board's finding that Appellant's testimony was not credible and that Appellant accessed and viewed the aforementioned video files is supported by the preponderance of reliable, probative, and substantial evidence."

{¶ 18} The parties agree that Bowman did not access pornographic videos at the firehouse. The parties also agree that firefighters were permitted to use township computers at the firehouse for personal use during their down time; by the nature of their work and long shifts, firefighters regularly sleep, eat, and conduct other activities while on duty that may not be permitted on work time in many other professions. The trial court found that he accessed videos "contain[ing] graphic images of brutal violence, death, and injury" and "a short comedic vignette in which an adult female, who is in a sports bar with two males, drinks beer from the pitcher, belches, yells at the t.v. screen, and verbalizes in vulgar language her desire to practice what she learned from a pornographic film."

{¶ 19} We cannot say that, as a matter of law, the factual findings of the common pleas court are not supported by a preponderance of reliable, probative and substantial evidence or that the trial court abused its discretion in weighing

the evidence as it did. Thus, we cannot agree with Bowman's argument that the factual findings were erroneous.

{¶ 20} Bowman further contends that the township and fire department did not have a policy in place that provided sufficient notice as to what types of computer usage were permitted or prohibited and that, therefore, he should not have been found guilty of malfeasance. He noted at oral argument, by way of example, that watching football games on a township television or computer is acceptable, while, according to the township's argument, watching a violent video on the computer is not. Bowman claims that he had no way to know that the videos he watched were not permitted. The township does not discuss this argument in its brief, except to say that "common sense" demonstrates that Bowman's conduct was "inappropriate." At oral argument, the township also relied on Fire Department Special Order # 07–003 and the township's code of ethics.

{¶ 21} The township argues that Special Order # 07–003, issued by the Fire Chief on January 19, 2007, sets forth its policy for employee conduct. Special Order # 07–003 stated:

{¶ 22} "Recently I have been made aware of several instances where employees [sic] behavior, even though the employees were off-duty, were alleged to be inappropriate. Employees must remember that their behavior, even when off-duty, is a reflection on the Township and this Department.

{¶ 23} "As a reminder to all employees, the Township's Personnel Policy includes a section on ethics. Furthermore, discipline may result from inappropriate actions, on or off duty, if those actions are deemed to be a violation [of] this section.

{¶ 24} "The Township's Personnel Policy ethics section reads as follows:

{¶ 25} "6.5 CODE OF ETHICS

{¶ 26} "The sole objective of Butler Township is to provide services for the benefit of all citizens of the community. All employees of the Township must be aware of the importance placed upon them as a Township employee, and being employed by a governmental agency, must realize that they are bound to uphold the Constitution of the State of Ohio, and the resolutions, rules and regulations established by Butler Township. All Township employees are bound by the highest standards of morality, and should be concerned that both their official functions as Township employees as well as their private affairs should be conducted so as not to bring discredit upon or injure in any way the credibility of the entire Township organization. Township employees shall cooperate fully with other public officials and employees, and shall seek to find and have adopted more efficient and economical ways of getting official tasks accomplished."

{¶ 27} Neither Special Order # 07–003 nor the code of ethics in the township's personnel policy provides any specific guidance as to appropriate computer usage for firefighters. Neither document mentions computer usage specifically, and the code of ethics requirement that employees adhere to the "highest standards of morality," while laudable, is vague and not clearly definable. Although watching pornographic videos would more universally be classified as conduct that does not satisfy the "highest moral standards," here, the appropriateness of Bowman's conduct turned upon the more amorphous question of where to draw the line about which violent behaviors are consistent with the highest standards of morality and thus acceptable to watch on television or computer. At oral argument, the township conceded that some violent content was permissible, such as football coverage, news reports, or perhaps even fighting championships, while arguing that the military-themed violence in the videos watched by Bowman was "inappropriate." The township contends that "common sense" and "appropriateness" should have informed Bowman that the videos in question were improper in the workplace but, in our view, these estimable concepts provide no meaningful guidance.

{¶ 28} In discussing whether a statute is vague, the United States Supreme Court has held that the legislature cannot forbid or require the doing of an act "in terms so vague that men of common intelligence must necessarily guess as to its meaning and differ as to its application." *Zwickler v. Koota* (1967), 389 U.S. 241, 249, 88 S.Ct. 391, 19 L.Ed.2d 444. See also *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 382–383, 618 N.E.2d 138. Due process requires a person to have notice of conduct that is prohibited. In our view, the township failed to provide such notice with respect to use of the computer to access legal, nonpornographic materials. Prior to Bowman's disciplinary proceedings, the township had provided no meaningful guidance as to where it drew the line between appropriate and inappropriate content along the spectrum of behaviors that can be accessed by television or computer. In other words, the township's policies gave no guidance as to what types of content, violent or otherwise, made Internet or other media materials "inappropriate" or violated the "highest standards of morality." Under these circumstances, the trial court abused its discretion in affirming the trustees' finding that Bowman had engaged in malfeasance warranting his dismissal.

{¶ 29} The first assignment of error is sustained.

## III

{¶ 30} Bowman's second assignment of error states:

{¶ 31} "The trial court abused its discretion and denied the appellant due process of law by allowing the township to reconvene appellants [sic] disciplinary hearing more than ten months after the initial hearing was concluded."

{¶ 32} The trustees rendered their decision in Bowman's case on January 14, 2008, when they voted to terminate Bowman and several other firefighters during an executive session and then announced the decisions it had made in open session.

{¶ 33} While Bowman's appeal to the trial court was pending, another judge on the Montgomery County Court of Common Pleas entered a judgment in *Nihizer v. Butler Twp. Bd. of Trustees* (Oct. 10, 2008), C.P. Montgomery No. 08–CV–868. *Nihizer* is a case involving the administrative appeal of another Butler Township firefighter who was terminated by the trustees on the same day and in the same manner as Bowman. In *Nihizer*, the firefighter argued that the trustees had violated the Open Meetings Act by taking official action in executive session rather than in open session. The trial court determined that the trustees should have voted on Nihizer's termination in an open session and that the trustees' decision had not been properly adopted pursuant to the Open Meetings Act. Thus, the court remanded "to allow the Board to properly adopt their decision in an open, regularly scheduled meeting" and declined to consider the other issues raised in the appeal until the decision was properly adopted. In response, on November 10, 2008, the trustees voted on the disciplinary actions taken *against all the firefighters* again, this time in open session.

{¶ 34} On November 14, 2008, the trustees filed in Bowman's case a "Notice of Filing November 10, 2008 Butler Township Board of Trustees' Meeting Minutes." The minutes showed that the trustees had adopted the township administrator's recommendation to terminate Bowman and the other firefighters in an open session. No transcript of the session was provided.

{¶ 35} Bowman contends that the trustees' "reconvened hearing" on November 10, 2008, violated statutory requirements and his due process rights because the meeting was not transcribed, and it is unclear whether additional facts were considered or additional discussion occurred. We disagree. The trustees voted on the disciplinary action in open session, a process that seems to have been all that was required by the Open Meetings Act. The minutes of this meeting do not suggest that any additional consideration of the issues occurred; in fact, the township's attorney suggested that "motions, seconds, approvals and votes" of the earlier action be placed on the public record. In light of the remand in *Nihizer*, the trustees prudently took these steps with respect to all the firefighters against whom disciplinary action had been taken at the earlier hearing. In our view, this correction of the procedure used by the trustees in the earlier proceedings did not affect Bowman's due process rights.

{¶ 36} The second assignment of error is overruled.

## IV

{¶ 37} The judgment of the trial court will be reversed. This matter will be remanded to the trial court for it to vacate the order of the trustees.

Judgment reversed
and cause remanded.

BROGAN and FAIN, JJ., concur.