[Cite as *Citizens to Preserve Agriculture & Green Space v. Miamisburg*, 2012-Ohio-727.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

CITIZENS TO PRESERVE   :
AGRICULTURE & GREEN SPACE, et al.   :   Appellate Case No. 24624
            :
            :   Trial Court No.2009-CV-08922
   Plaintiff-Appellants     :
            :
v.            :
            :   (Civil Appeal from
CITY OF MIAMISBURG, et al.    :    Common Pleas Court)
            :
   Defendant-Appellees    :
            :
      . . . . . . . . . . .

O P I N I O N

Rendered on the 24th day of February, 2012.

. . . . . . . . . . .

DON A. LITTLE, Atty. Reg. #0022761, 7501 Paragon Road, Lower Level, Dayton, Ohio 45459
  Attorney for Plaintiff-Appellants

TERENCE L. FAGUE, Atty. Reg. #0018687, JOHN C. CHAMBERS, Atty. Reg. #0029681, and SASHA A.M. VanDeGRIFT, Coolidge Wall Co., L.P.A., 33 West First Street, Suite 600, Dayton, Ohio 45402
  Attorney for Defendant-Appellee, Phoenix West, LLC

K. PHILIP CALLAHAN, Atty. Reg. #0047324, Law Director, City of Miamisburg, 10 North First Street, Miamisburg, Ohio 45342
  Attorney for Defendant-Appellee, City of Miamisburg

. . . . . . . . . . . .

FAIN, J.

{¶ 1}  Appellant, Citizens To Preserve Agriculture and Green Space (Citizens) appeals from a judgment affirming the decision of the City of Miamisburg Planning Commission approving a land development special use application submitted by appellee, Phoenix West, L.L.C. (Phoenix).  Citizens argues that the Planning Commission and the Montgomery County Court of Common Pleas, in determining whether Phoenix had reserved enough acreage in its development plan for use as open space as required by the City of Miamisburg Planning and Zoning Ordinances (the Code), erred in their interpretations of the terms "common open space" and "active open space," as used in the Code.  Citizens further contends that the allocation of additional housing units was based upon an incorrect calculation.

{¶ 2}  We conclude that the Commission and the Montgomery County Court of Common Pleas were correct in their interpretations of the terms set forth in the Code.  We further conclude that the number of additional housing units awarded to Phoenix is not erroneous.

{¶ 3}  Accordingly, the judgment of the common pleas court is Affirmed.

## I.  Phoenix Seeks a Special Use Permit for its Development, and, on the Third Try, Is Successful.

{¶ 4}  In 2007, Phoenix submitted to the City of Miamisburg Planning Commission a development plan requesting a special use permit.  Phoenix sought to build a housing development on  101.62 acres the company owned and that was zoned for agricultural use.  The Planning Commission approved the plan.

**{¶ 5}** Citizens, a group of interested Miamisburg residents, filed an administrative appeal with the Montgomery County Court of Common Pleas. Citizens alleged that the plan did not provide for a sufficient amount of acreage to be utilized as common open space for the development.

**{¶ 6}** The Code allows for the grant of special use permits for land zoned as agricultural. These developments are referred to as "Open Space Developments." Section 1272.08(d) of the Code provides that the number of dwelling units permitted in an open space development is "calculated by multiplying the gross acreage of the development area by eight-five hundredths (.85) dwelling units per acre." That section further provides that "the number of residential units may be increased through the granting of Residential Unit Bonuses as provided in this Chapter, however the final number of units shall not exceed a gross density of 1.7 units per acre."

**{¶ 7}** Section 1272.08(f)(1) of the Code requires a developer of any Open Land Development to preserve "at least thirty (30) percent of the gross area of the Open Space Development * * * as common open space." Section 1272.08(f)(2) provides that "a minimum of ten (10%) of the required open space shall be active open space and include amenities such as parks and playground equipment, pools, club houses, and hard courts and ball fields."

**{¶ 8}** Section 1272.08(f) also provides the following definitions:

Open Space Requirements. Open space shall be located

on the parcel to:

(1) preserve distinctive natural features and rural

characteristics; (2) preserve farm lands; (3) minimize impact from development on wetlands, rivers, areas of sharp and other sensitive environmental areas; (4) maintain open, rural character along main roads; or (5) create greenways and connect wildlife areas.

For purposes of this section, the following terms shall be defined as follows:

Common Open Space - An opens [sic] space within a residential development reserved for the exclusive use of residents of the development and their guest.

Active Open Space - Open space that may be improved and set aside, dedicated, designed, or reserved for recreational facilities such as swimming polls, play equipment for children, ball fields, court games, picnic tables, trails, etc.

Restricted Open Space - Areas under private ownership where the property is developed for single family use on a lot of two acres or more and the undeveloped portion of that lot contributes to the character of the Open Space Development as determined by the Planning Commission.

{¶ 9} Section 1272.08(e), which sets forth the method for calculating

Residential Unit Bonuses, provides:

(1) The number of dwelling units may be increased by five (5) percent for every one (1) percent of additional open space created above the minimum required under Section 1272.08(f)(1).

(2) An additional unit bonus may be allowed at the discretion of the Planning Commission, based upon a demonstration by the applicant of design excellence in the Open Space Development.  In order to qualify for a density bonus, the Open Space Development must be served by public sanitary sewer.  Projects may qualify for a 5% unit bonus for each of the design elements listed below.  This additional unit bonus shall be applied to the number of units established in subsection (e)(1) above.

* * *

iv.   60% of all housing units have direct view upon open space.

v.   High Quality Open Space Development amenities are provided such as a trails connecting to and traversing all common open space areas; high quality, municipal grade playground equipment, wildlife observation platforms, and playfields and courts.

vi.   Adequate roadway and pedestrian connections are provided to create integrated neighborhoods.

{¶ 10} On review, the trial court reversed the decision of the Planning Commission upon a finding that the submitted plan did not comport with the requirements of the Miamisburg zoning ordinances due to the lack of adequate common open space.

{¶ 11} Phoenix then submitted a new special use application for the property. The Planning Commission approved the new plan, which provided for more open space.

{¶ 12} Citizens again filed an administrative appeal from the approval, arguing that the plan was deficient with regard to the common open space requirement. Citizens argued that the plan improperly counted active open space in the calculation of the necessary common open space. Citizens also argued that the Planning Commission improperly allocated residential unit bonuses to Phoenix. The court ruled that active open space and common open space are not mutually exclusive categories, and that the plan submitted by Phoenix therefore provided for adequate open space in its plan. But the court also decided that the residential unit bonus was improperly calculated. The court reversed the decision of the Planning Commission on the issue of the bonus units.

{¶ 13} Phoenix filed an amended plan, which the Planning Commission approved. Citizens again filed an administrative appeal. The trial court held that the amended plan provided the requisite acreage for use as common open space and that the residential unit bonus was properly calculated, and affirmed the decision of the Planning Commission.

{¶ 14} From the judgment of the trial court affirming the decision of the Planning Commission, Citizens appeals

## II. The Construction of the Planning and Zoning Code Employed by Both the Planning Commission and the Trial Court Is Reasonable.

{¶ 15} Citizens states the following as its sole Assignment of Error:

THE TRIAL COURT ERRED IN COUNTING "ACTIVE OPEN SPACE" AS "COMMON OPEN SPACE" TO DETERMINE WHETHER A SUFFICIENT PERCENTAGE OF THE PROPERTY HAD BEEN SET ASIDE FOR "COMMON OPEN SPACE." FURTHER, THE TRIAL COURT ERRED IN COMBINING "ACTIVE OPEN SPACE" WITH "COMMON OPEN SPACE" TO DETERMINE WHETHER THE APPROXIMATE 84 BONUS UNITS WERE PROPERLY ALLOWED. BASED ON THIS, THE COURT DENIED APPELLANTS' APPEAL AND COMMITTED LEGAL ERROR IN DOING SO BECAUSE THE COURT'S ALLOWANCE OF "ACTIVE OPEN SPACE" TO BE TREATED AS "COMMON OPEN SPACE" WAS IN DIRECT VIOLATION OF THE MIAMISBURG CITY CODE.

{¶ 16} Citizens contends that the approved development plan provides for an inadequate amount of common open space. It argues that the Planning Commission and the trial court erred in finding that "common open space" and "active open space," as those terms are used in the Code, do not refer to mutually exclusive areas. Citizens argues that without including active open space as a component of common open space, the proposed development does not satisfy the requirement that at least 30% of the area be common open space. Citizens also argues that the error in combining common open space with active open space resulted in a miscalculation of the number of residential bonus units.

{¶ 17} Phoenix owns a parcel of land consisting of 101.62 acres. Based upon the zoning ordinances, it is required to set aside 30% – 30.486 acres – as common open space,

with a minimum of 10% of the common open space being reserved as active open space. Phoenix's development plan provides for the dedication of 27 acres as common open space and 19 acres as active open space for a total of 46 acres of open space.[1] The issue is whether the Planning Commission and the Common Pleas Court erred by permitting the inclusion of active open space in satisfaction of the common-open-space requirement.

{¶ 18} Pursuant to R.C. 2506.04, a common pleas court may determine that the decision of an administrative board – the planning commission is an administrative board– is "unconstitutional, illegal, arbitrary, capricious, unreasonable or unsupported by the preponderance of substantial, reliable and probative evidence on the whole record." An appellate court's review of the trial court's decision "is limited to a determination of whether, as a matter of law, the decision of the common pleas court is not supported by a preponderance of reliable, probative, and substantial evidence." *Bowman v. Butler Twp. Bd. Of Trustees,* 185 Ohio App.3d 180, 2009-Ohio-6128, 923 N.E.2d 663, ¶ 14 (2d Dist.). "In other words, in reviewing questions of law, the appellate court considers whether the trial court abused its discretion." Id.

{¶ 19} As defined in Section 1272.08(f), common open space and active open space are both considered open space. Citizens is correct that Section 1272.08(f)(1) of the Zoning Code provides that a minimum of 30% of the total development must be preserved as common open space. However, that provision is modified by Section (f)(2) which provides that a "minimum of ten (10%) percent of the required open space shall be active open space

---

[1] These acreage numbers have been rounded. The differences between the round numbers and the actual numbers are not material to this appeal.

and include amenities such as parks and playground equipment, pools, club houses, and hard courts and ball fields." A reasonable construction of the intent of the modifying section is that active open space be considered a sub-set of common open space. In the 10% restriction quoted above, the 10%-of-required-open-space requirement likely refers to an open-space requirement external to itself. Otherwise, this requirement would be confusingly self-referential. And the only open-space requirement external to the 10% requirement set forth in Section (f)(2) is the 30% common-open-space requirement in Section (f)(1). Therefore, the most reasonable interpretation of Section (f)(2) is that of the 30% of acreage required to be common open space, at least 10% of that acreage must be active open space.

{¶ 20} Furthermore, by requiring a minimum of 10%, Section (f)(2) permits a developer to reserve more than 10% of the common open space for use as active open space. The Code contains no explicit requirement that the required amount of common open space is more if the amount of active open space exceeds the 10% minimum.

{¶ 21} Under the construction urged by Citizens, Phoenix would be required to maintain a little over 30 acres of land as common open space, with an additional amount of land set aside as active open space. In our view, this is a less plausible construction of the Code. In any event, the construction of the Code employed by both the Planning Commission – which drafted the Code and proposed it to the Miamisburg City Council – and by the trial court is reasonable.

{¶ 22} We conclude that the court did not abuse its discretion in affirming the decision of the Planning Commission with regard to this issue.

{¶ 23} Citizens also contends that the Planning Commission and the trial court

erred in combining the common open space and active open space when determining whether the amount of residential unit bonuses were properly calculated. In support of this contention, Citizens has not set forth any argument beyond its argument that the Code treats common open space and active open space as mutually exclusive areas. Given our conclusion that the construction of the Code employed by both the Planning Commission and the trial court – that active open space is a sub-set of common open space – is a reasonable construction, it follows the active open space was properly included for this purpose, as well.

{¶ 24} We have reviewed the calculation of the extra units and find no deficiency. Phoenix has set aside more than the required amount of open space by providing for 46 acres of open space in a development that required only a little over 30 acres of open space. We find no error in the calculations determining the number of additional residential units as set forth in the Planning Commission records and as approved by the trial court.

{¶ 25} Under the terms of the Code, Phoenix is permitted a base unit number of 86 units. Code Section 1272.08(d). In addition, Phoenix has exceeded the 30%-common-open-space requirement by more than 15%, Therefore, pursuant to Code Section 1272.08(e)(2), it is permitted 67 additional units based upon the amount of reserved open space in excess of the 30% minimum requirement. .

{¶ 26} Finally, the Planning Commission awarded Phoenix 23 additional bonus units for meeting the requirements of Code Section 1272.08(e)(2)(iv), (v) and (vi). Again, we find no calculation errors. Phoenix is limited to a ceiling of 172 units. It requested, and was allowed, a total of 170 units.

{¶ 27} Both Phoenix and the City of Miamisburg, in their answer briefs in this

appeal, argue that Citizens is precluded by the doctrine of res judicata from re-litigating the proper construction of the Code requirements for common open space and for active open space by virtue of the judgment of the Montgomery County Common Pleas Court in Citizens' second administrative appeal. In view of our conclusion that the trial court employed a reasonable construction of the Code in arriving at the judgment from which this appeal is taken, we find it unnecessary to decide whether the doctrine of res judicata applies.

{¶ 28} Citizens' sole assignment of error is overruled.

### III. Conclusion.

{¶ 29} Citizens' sole assignment of error having been overruled, the judgment of the trial court is Affirmed.

. . . . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

Copies mailed to:

Don A. Little
Terence L. Fague
John C. Chambers
Sasha A.M. VanDeGrift
K. Philip Callahan
Hon. Timothy N. O'Connell